JS - 6

"O"

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELALEH BEHRAZFAR, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> UNISYS CORPORATION, and DOES 1 through 10 <br><br> Defendant(s). <br> _____ | CASE NO. SACV 08-0850 AG (RCx) <br> OCSC Case No. 30-2008/00079988 <br><br> **ORDER GRANTING MOTION FOR REMAND** |

This is a class action concerning allegations that Defendant Unisys Corporation ("Defendant") violated California's wage and hour laws. Plaintiff Elaheh Behrazfar ("Plaintiff") originally brought this case in state court, but Defendant removed it to federal court. Plaintiff filed this motion to remand the case to state court ("Motion"). After reviewing all papers and arguments submitted, the Court GRANTS the Motion.

**BACKGROUND**

This Motion concerns the amount in controversy in this case and other procedural issues, so a detailed explanation of the Complaint's allegations is unnecessary. For now, it is sufficient to state that Plaintiff asserts seven wage and hour claims against Defendant. (Compl. ¶ 1.)

Plaintiff seeks to represent a class of Defendant's employees comprised of two subclasses. The first subclass is "[a]ll persons employed by [Defendant] in California, at any time during the four-year class period preceding the filing of this action through the date notice is mailed to the class," who meet certain other criteria. (Compl. ¶ 11.) The second subclass is "[a]ll persons employed by [Defendant] in California, who [meet certain other criteria and] whose employment with [Defendant] ended at any time during the four-year period preceding the filing of this action through the date notice is mailed to the class." (Compl. ¶ 11.)

Plaintiff filed this action in California state court. The Complaint alleges that there is "not less than 300 class members," and that the class members worked "between 40 and 60 hours per week" during the class period. (Compl. ¶¶ 6, 12.) But the Complaint does not specify the amount of damages that Plaintiff seeks or allege how many weeks per year the class members worked.

On July 31, 2008, Defendant filed a Notice of Removal to federal court based on the Class Action Fairness Act ("CAFA"). To support removal, Defendant assumed that if a class was certified and Plaintiff prevailed on all claims, each class member would receive over $20,000. (Notice of Removal 4:12-17.) Since Plaintiff alleged that there are at least 300 class members, Defendant multiplied 300 times $20,000 to assert that "the amount in controversy exceeds the sum of $5,000,000.00," the amount required for federal jurisdiction. (Notice of Removal 4:17-19.)

Over a year after the Notice of Removal was filed, Plaintiff filed this Motion, contending that the case was not properly removed. Defendant opposed the Motion and submitted more specific calculations concerning the amount in controversy based on the Complaint's allegations, Plaintiff's deposition testimony, and Defendant's assumptions.

**ANALYSIS**

Plaintiff argues that Defendant cannot prove this case meets the amount in controversy requirement for removal. Defendant makes two arguments in response. First, Defendant contends that Plaintiff's motion must fail because it was not timely filed. Second, Defendant asserts that it has, in fact, met the amount in controversy requirement. The Court will discuss the general rules concerning removal under CAFA and then address Defendant's arguments.

**1.    REMOVAL UNDER CAFA**

CAFA provides for removal of certain class action lawsuits. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). 28 U.S.C. § 1332(d), "added by CAFA, vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Abrego Abrego*, 443 F.3d at 680. "While § 1332 allows plaintiffs to invoke diversity jurisdiction, [28 U.S.C.] § 1441 gives defendants a corresponding opportunity." *Id*. Under Section 1441(a), defendants may remove to federal court "civil action[s] brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). While defendants removing lawsuits based on Section 1332(d) bear the burden of proving that the amount in controversy exceeds $5,000,000, the standard of proof that defendants must produce varies based on the allegations in the complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the plaintiff specifies an amount of damages in the complaint of $5,000,000 or less, and there is no evidence of bad faith, the defendant must prove to a "legal certainty" that the amount in controversy exceeds $5,000,000. *Id*. at 999 (since, "subject to a

'good faith' requirement in pleading, a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court . . . the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction"). But if, as here, "Plaintiff failed to specify her damages, Defendant must prove only by a preponderance of the evidence that the damages claimed exceed $5,000,000." *Id.* at 998.

**2.     THE TIMELINESS OF THE MOTION**

Before turning to the merits of Plaintiff's challenge to removal, the Court must address Defendant's argument that the Motion is untimely under 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." Defendant contends that the Motion is untimely because "Plaintiff filed her Motion for Remand approximately 14 months after the removal papers . . . were filed in July 2008." (Opp'n 8:11-12.) The Court disagrees.

It is undisputed that the Motion was made over 30 days after the Notice of Removal was filed. The contested issue is whether the Motion is based on a lack of subject matter jurisdiction, which would render Section 1447(c) inapplicable, or a mere procedural defect in the Notice of Removal. *See* Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant argues that the Motion merely attacks the "form and content of [Defendant's] Notice of Removal," and is not based on subject matter jurisdiction. (Opp'n 7:21-22.) In other words, Defendant contends that Plaintiff fails to prove that the amount in controversy is less than $5,000,000 and merely attacks the procedural sufficiency of Defendant's Notice of Removal. This argument is not sufficient to defeat the Motion.

But it does help clarify the tricky distinction between procedural defects and a substantive lack of jurisdiction. There is no bright line rule for whether an argument for remand is based on

subject matter jurisdiction or a mere procedural defect. Thus, plaintiffs have been warned that,

> [u]ntil the point is resolved either by the U.S. Supreme Court in a decision or by Congress in a legislative clarification, plaintiffs do best to seek all remands, whatever their grounds, within 30 days after the defendant's notice of removal. That will entitle them to have the motion to remand considered by the district court whether the ground on which remand is sought is deemed jurisdictional, procedural, or anything else.

Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1446-1447 (West 1996). Perhaps befogged by this murky distinction, the parties overlook some analogous cases.

Courts have held that a remand motion is based on a procedural defect under Section 1447(c), and not subject matter jurisdiction, if it argues only that the defendant's notice of removal failed to state the requisite amount in controversy. *Evans v. Yum Brands, Inc.*, 326 F.Supp.2d 214 (D. N.H. 2004); *Harmon v. OKI Systems*, 902 F.Supp. 176 (S.D. Ind. 1995), aff'd 115 F.3d 477, cert. denied 118 S.Ct. 413; *cf. Ellenburg v. Sparton Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008) (a court's *sua sponte* remand based on a deficient notice of removal was inappropriate because the court did not actually find that it lacked subject matter jurisdiction). But these decisions do not affect a plaintiff's right to argue that subject matter jurisdiction is, in fact, absent. And if such an argument is made, Section 1447(c) does not remove the defendant's burden to show that subject matter jurisdiction exists.

In *Harmon*, the plaintiffs belatedly argued that a removal petition failed to sufficiently allege the amount in controversy. 902 F.Supp. at 178. But the plaintiffs did "not actually deny that the amount in controversy was less than $ 50,000 at the time of removal." *Id*. Still, the court found that the plaintiffs' "late motion to remand . . . was sufficient to require [the defendant] to meet [the burden of showing the amount in controversy]." *Id*. The effect of Section 1447(c), the court stated, was to "permit the party asserting federal jurisdiction to make that proof [that the required amount is in controversy] at any time prior to judgment if no challenge is raised earlier." *Id*. at 179-80. Thus, *Harmon* implicitly found that Section 1447(c) does not eliminate a defendant's burden to show the requisite amount in controversy, even if a

5

plaintiff's motion to remand is suspiciously tardy.

The *Harmon* court's reasoning is supported by *Newport v. Dell Inc.*, No. CIV 08-096-TUC-CKJ, 2008 WL 2705364 (D. Ariz. July 2, 2008). In *Newport*, the plaintiff moved to remand over thirty days after the notice of removal was filed, arguing that the defendants failed to meet their burden of proving the amount in controversy. *Id.* at *1, 3-4. The court faced arguments very similar to those made here:

> Defendants contend that Plaintiff has merely alleged a procedural defect in . . . Defendants' Notice of Removal, i.e. that . . . Defendants failed to meet their burden of proof with respect to the amount in controversy. Plaintiff counters that she has raised a challenge to the Court's subject matter jurisdiction, a challenge which may be raised at any time pursuant to 28 U.S.C. § 1447(c). Neither party has cited to any precedential Ninth Circuit or Supreme Court case law regarding the distinction between procedural and subject matter defects, nor has the Court been able to find any controlling case law on this point.

*Id.* at *3. The magistrate judge concluded that the motion was timely, and that the plaintiff's arguments "challenge[d] the Court's subject matter jurisdiction" by arguing that "'subject matter jurisdiction issues' should be resolved before reaching the merits of the case." *Id.* at *4 (quoting the plaintiff's brief).

Under *Harmon* and *Newport*, it does not take much to raise a challenge to subject matter jurisdiction. *See also Lowdermilk*, 479 F.3d at 998 (federal courts "are courts of limited jurisdiction and we will strictly construe our jurisdiction") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Here, Plaintiff argues in multiple places that "the Court never had jurisdiction," and "even in opposition to Plaintiff's motion for remand, Defendant did not establish with competent evidence that the amount in controversy exceeds $5,000,000." (*See, e.g.*, Mot. 4:5-7; Reply 4:8-10.) True, Plaintiff's argument vacillates between attacking the Notice of Removal's sufficiency and arguing that jurisdiction is actually lacking. But since Plaintiff contests the existence of subject matter jurisdiction, her Motion is based on more than a mere procedural defect.

Plaintiff would've been wise to move for remand within 30 days after the Notice of Removal was filed. She could have avoided the timeliness issue and shown prudence. The

6

House committee discussing Section 1447(c) explained even more concerns that Plaintiff could have avoided:

> So long as the defect in the removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means for forum shopping if the litigation should take an unfavorable turn.

H.R. Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), reprinted in 1988 U.S. Code Cong. & Ad. News 5982, 6033.  Despite these concerns, the delay here does not doom the Motion.  The Court will address whether it has subject matter jurisdiction over this case.

## 3. THE AMOUNT IN CONTROVERSY

Here, as with many motions to remand based on the amount in controversy, the parties are put in an awkward situation.  Plaintiff, desiring remand, argues that she seeks damages less than the statutory threshold.  Defendant, striving to establish the federal court's jurisdiction, attempts to prove that Plaintiff's damages sought are higher than the threshold.

Defendant argues that over $5,000,000 is in controversy, supporting its argument with various calculations.  Plaintiff asserts that Defendant has not shown that $5,000,000 is in controversy because its calculations are "based on unsubstantiated assumptions."  (Reply 2:6-7 (emphasis removed).)  The Court agrees with Plaintiff.

Plaintiff attacks Defendant's assumptions that each class member worked 2.5 hours of overtime per week and 40 weeks per year during the class period, which are key figures in Defendant's calculation of the amount in controversy.  Concerning the amount of overtime that class members worked per week, Defendant is correct that its estimation "is conservative, given (1) Plaintiff's [deposition] testimony that she typically worked 10 hours of overtime per week[] and (2) the allegation in her Complaint that she worked 'between 40 and 60 hours per week.'"

7

(Opp'n 10:18-11:1.)

But Defendant's assumption concerning the number of weeks class members worked per year is more problematic. The Court agrees with Plaintiff's assessment that "Defendant has not submitted a shred of evidence to support" the assumption that "class members worked 40 weeks a year . . . ." (Reply 1:8-12.) Defendant argues that this assumption is valid because it "takes into account vacation/sick time, leaves of absence, and the fact that some employees may not have worked the full year." (Opp'n 11:1-4.) But without any evidence to support its assumption, the Court does not find by a preponderance of the evidence that this assumption is true. By extension, the Court also does not find that Defendant's calculations are correct.

Defendant's calculations are also distorted because they assume all class members worked the full four year class period. Defendant ignores that some class members did not start working until the middle of the class period and others were fired during the class period. (*See* Compl. ¶ 11.) This deficiency, combined with the unsupported assumption that class members worked 40 weeks per year, undermines Defendant's effort to prove by a preponderance of the evidence that the amount in controversy was over $5,000,000.

It's certainly possible that over $5,000,000 was in controversy when the Complaint was filed. But a thorough review of Defendant's Opposition and the supporting declarations of Vijay Ramnath and Allison C. Eckstrom reveals no evidence that Defendant's assumptions are true. Because Defendant's calculations rely on assumptions unsupported by the record, the Court finds that Defendant has not established by a preponderance of the evidence that over $5,000,000 is in controversy. *See Bartnikowski v. NVR, Inc.*, No. 1:07CV00768, 2008 WL 2512839, at *4 (M.D. N.C. June 19, 2008).

**DISPOSITION**

     The Court GRANTS the Motion. This case shall be remanded to the Superior Court of Orange County, California.

IT IS SO ORDERED.

DATED: October 23, 2009

                                                                                      _____
                                                                                           Andrew J. Guilford
                                                                                    United States District Judge